MARY KATE SULLIVAN (State Bar No. 180203)
CASEY J. MCTIGUE (State Bar No. 266361)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439
cjm@severson.com

Attorneys for Defendants
GMAC MORTGAGE, LLC (incorrectly sued herein as GMAC Mortgage), AURORA LOAN SERVICES, LLC (incorrectly sued herein as Aurora Lending Services, LLC), and U.S. BANK NATIONAL ASSOCIATION, as trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 (incorrectly sued herein as US Bank)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. WOODS,<br><br>        Plaintiff,<br><br>   vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.; GMAC MORTGAGE; AURORA LENDING SERVICES, LLC; LEHMAN BROTHERS; US BANK; and Does 1 through 50, inclusive,<br><br>        Defendants. | Case No.:  2:09-CV-01810-WBS-EFB<br><br>**GMAC MORTGAGE, LLC, AURORA LOAN SERVICES, LLC, AND U.S. BANK NATIONAL ASSOCIATION'S PRETRIAL STATEMENT (FRCP 16)** |

**PRETRIAL STATEMENT**

Defendants GMAC Mortgage LLC (sued herein as GMAC Mortgage) ("GMAC"), Aurora Loan Services, LLC (sued herein as Aurora Lending Services, LLC) ("Aurora"), and U.S. Bank National Association, as trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 (incorrectly sued herein as U.S. Bank) ("U.S. Bank") (collectively "Defendants"), hereby submit the following pretrial statement in accordance with Fed. R. Civ. P. 16, Eastern District Local Rule 281, and this Court's Pretrial Scheduling Order of May 12, 2010:

### I.     Summary and Statement of the Case

This is a loan servicing dispute. Plaintiff Scott W. Woods ("Woods") alleges that Defendants (a) inadequately responded to a Qualified Written Request as defined by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1) and (2); (b) negligently, fraudulently or otherwise failed to correctly identify the current beneficiary of the loan and (c) misappropriated loan payment proceeds from said beneficiary. Woods demands (1) a court declaration as to the true owner of the Note; (2) actual, punitive, exemplary and statutory damages, costs, attorneys' fees, and any other relief the Court deems appropriate.

Defendants deny essentially all of Woods' assertions in the Second Amended Complaint and will respond to Woods' claims at trial by proving that (a) Defendants properly responded to the QWR and that there were no damages anyway; (b) Defendants identified U.S. Bank as trustee of an investor pool that is currently the loan beneficiary, and that in any event Woods suffered no damages by a failure to identify the beneficiary; and (c) Defendants correctly applied loan payments to principal and interest, as required by the Deed of Trust and Note.

Woods has not provided any indication of how he will prosecute his case at trial. Woods has propounded *zero* discovery in this action. He has taken no depositions. He has no documents, nor has he seen the loan file. In fact, Defendants have not spoken with counsel for Woods since 2010, despite repeated attempts, most recently to coordinate a joint pretrial statement. Defendants are optimistic that this and other issues can be resolved at the August 8 pretrial conference.

///

## II. Jurisdiction - Venue

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) as Woods' claims arise in part under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Venue is undisputed, as the property at issue lies within the Eastern District of California.

## III. Jury – Non-Jury

Woods demanded a jury in the Second Amended Complaint. Defendants do **not** demand a jury. Because Woods demands substantial equitable relief as to the true beneficiary of his loan, Defendants ask that the parties determine which portions of the trial, if any, will be tried by jury at the pretrial conference. Defendants would stipulate to a bench trial. Defendant estimates a 5 day jury trial, or a 3 day bench trial.

## IV. Undisputed Facts

Scott W. Woods borrowed $1,100,000 from GreenPoint Mortgage Funding, Inc., in 2006. Woods began having difficulty repaying this loan sometime in 2008, and began negotiating with the loan servicer, GMAC.[1] The parties entered into a loan modification agreement on or about August 18, 2008.

Defendants have been unable to identity any additional undisputed facts as counsel for Defendants has been unable to contact Woods' counsel, despite numerous attempts to do so both via telephone and email.

## V. Disputed Facts

Defendants dispute the material allegations listed below. Defendants also dispute any unmentioned non-material allegations.

Whether Defendants violated the Real Estate Settlement and Procedures Act or Truth in Lending Act by misappropriating funds as described in paragraphs 34-35, 79-84, and elsewhere of the Second Amended Complaint.

---

[1] Woods disputes that GMAC is the "servicer" but does not dispute negotiating a modification with GMAC. *See* Second Amended Complaint, ¶ 37.

Whether Defendants properly responded to the purported Qualified Written Request described in paragraph 40 of the Second Amended Complaint and attached as Exhibit F to the First Amended Complaint.

Whether Defendants made any false statements regarding the ownership of Woods' loan, and whether, if such statements were made, they harmed Woods in any way.

Any other material allegations of which Defendants are unaware. Because Defendants have been unable to contact Woods' counsel despite repeated attempts, Defendants reserve the right to raise other disputed issues before and during trial.

### VI. Disputed Evidentiary Issues

Whether Woods can introduce evidence regarding communications between Defendants and Woods except communications regarding the purported Qualified Written Request, as all other communications are irrelevant to the remaining claims asserted.

Any other disputed evidentiary issues of which Defendants are unaware. Because Defendants have been unable to contact Woods' counsel despite repeated attempts, Defendants reserve the right to raise other disputed issues before and during trial.

DATED: August 1, 2011

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Casey J. McTigue*_____
           Casey J. McTigue

Attorneys for Defendants
GMAC MORTGAGE, LLC (incorrectly sued herein as GMAC Mortgage), AURORA LOAN SERVICES, LLC (incorrectly sued herein as Aurora Lending Services, LLC), and U.S. BANK NATIONAL ASSOCIATION, as trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7 (incorrectly sued herein as US Bank)