UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT W. WOODS,

        Plaintiff,

   v.

GREENPOINT MORTGAGE FUNDING, INC.; GMAC MORTGAGE, LLC; AURORA LOAN SERVICES, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7; and DOES 1 through 50, inclusive,

        Defendants.
     /

NO. CIV. 2:09-1810 WBS CKD

<u>ORDER OF DISMISSAL</u>

----oo0oo----

        Plaintiff Scott W. Woods filed this action on June 30, 2009, alleging various state and federal claims relating to a loan he obtained to refinance his home in Folsom, California.

        On April 27, 2010, the court issued an Order requiring plaintiff's counsel, James Allan Nations, to either pay sanctions of $250.00 to the Clerk of the Court or show good cause for his

1

noncompliance with Local Rule 230(c) within ten days of that Order.  (Docket No. 42.)  Mr. Nations failed to either submit a statement showing good cause for his noncompliance with the Local Rules or pay sanctions, and on May 13, 2010, the court ordered Mr. Nations to appear before the court and show cause why he should not be sanctioned for failing to comply with the court's previous Order.  (Docket No. 50.)  The court ultimately sanctioned Mr. Nations $500.00.  (Docket No. 52.)

A Pretrial Conference was set in this matter for August 22, 2011.  Plaintiff did not submit a pretrial statement, as required by the court's Status (Pretrial Scheduling) Order, (Docket No. 51), and did not appear at the Pretrial Conference. Defendants represented to the court that plaintiff has propounded no discovery.  The court's Courtroom Deputy has attempted to contact plaintiff's counsel several times, as have defendants, but he has not responded.

A plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order constitutes grounds for dismissal of an action.  Fed. R. Civ. P. 41(b); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan, 291 F.3d at 642.

2

        The first and second factors clearly weigh in favor of dismissal, as neither the public, the court nor the parties have any interest in this litigation continuing when plaintiff has no interest in pursuing the case.  Plaintiff has taken no action in this case since August 2, 2010.  (Statement of Pl.'s Rule 26 Initial Disclosures (Docket No. 74).)  It is obvious that plaintiff has abandoned the instant action.  While defendants are not particularly prejudiced by the pendency of litigation, they should not be forced to seek out a plaintiff who no longer wishes to sue them.  No less drastic measures are available, as previous sanctions have clearly not been effective.

        Finally, Local R. 281(b)(10) and (11) require the parties to identify in their pretrial statements all witnesses they intend to call and all exhibits they intend to offer at trial.  Under the provisions of that Rule, absent extreme circumstances which do not appear to exist here, only witnesses and exhibits so identified can testify or be offered at trial.  Plaintiff neither filed a pretrial statement nor listed any witnesses or exhibits to be presented at trial.  Thus, this action <u>cannot</u> be decided on its merits, because plaintiff would be unable to call witnesses or present exhibits even if the action went to trial.  The court will not go through the ritual of a trial without witnesses or exhibits.

        IT IS THEREFORE ORDERED that this action be, and the same hereby is, DISMISSED with prejudice, pursuant to the provisions of Fed. R. Civ. P. 41(b), for failure to prosecute.  The Clerk shall close the file and terminate all pending matters and deadlines.  Defendants shall recover costs of suit.

DATED: August 23, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4